Matter of Benedict (2022 NY Slip Op 03668)

Matter of Benedict

2022 NY Slip Op 03668

Decided on June 3, 2022

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed June 3, 2022.)
 
&em;

[*1]MATTER OF TIMOTHY A. BENEDICT, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam.
Opinion: Respondent was admitted to the practice of law by this Court on January 20, 2000, and he maintains an office in Rome. In July 2020, the Grievance Committee filed a petition alleging against respondent certain charges of professional misconduct. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the Grievance Committee filed an amended petition, and respondent filed an answer to the amended petition wherein he admits the amended charges. Respondent has also submitted to this Court written materials in mitigation and appeared before the Court to be heard in mitigation.
With respect to charge one, respondent admits that, in June 2018, he was assigned to represent a client in a domestic relations matter concerning custody of the client's child, after which respondent became aware that the court presiding over the matter had entered an order subjecting the client to supervised visitation based on allegations that the client had refused to submit to random drug testing. Respondent admits that, in August 2018, he sent to the client sexually explicit text messages and, in early September 2018, he directed the client to come to his home, at which time he served her an alcoholic beverage and engaged in sexual relations with her. Respondent admits that, the following day, he invited the client to his home to engage in additional sexual relations, but the client declined and requested that respondent turn over the case file for her legal matter. Respondent admits that, in response to the client's request, he advised her that he would turn over the file only after he received a court order relieving him as counsel. Respondent admits that, shortly thereafter, the court presiding over the client's legal matter granted the client's application for an order of protection directing respondent to refrain from having contact with the client.
With respect to charge two, respondent admits that, between March 2015 and July 2019, he was found in criminal contempt or willful violation of five court orders directing him to, inter alia, produce financial records and pay child support or related financial obligations arising from his own domestic relations proceedings. Most notably, in February 2019, Oneida County Family Court found respondent in wilful violation of two court orders that directed him to pay child support and sentenced him to incarceration for a period of 180 days for each violation, with the sentences to be served consecutively. Respondent admits that he was taken into custody on February 19, 2019, and was not released until the following day upon his payment of child support arrears in the total amount of $66,853.36.
With respect to charge three, respondent admits that, from January 2018 through August 2019, he violated various disciplinary rules governing attorney trust accounts by, inter alia, using his attorney trust account as his personal account, depositing earned legal fees into the account on more than 25 occasions, and withdrawing funds from the account without issuing a check payable to a named payee on more than 80 occasions. Respondent also admits that he disbursed funds from his trust account to pay personal expenses on numerous occasions and, on one occasion in November 2018, his withdrawal of funds for personal purposes resulted in a shortfall in the account in the amount of $125.
Based on respondent's admissions in his answer to the amended petition, we find respondent guilty of professional misconduct and conclude that he has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.1 (c) (2)—intentionally prejudicing or damaging a client during the course of a representation;
rule 1.8 (j) (1) (iii)—entering into sexual relations with a client during the course of his representation of the client in a domestic relations matter;
rule 1.15 (a)—misappropriating funds belonging to another person that he received incident to his practice of law and commingling such funds with personal funds;
rule 1.15 (e)—making attorney trust account withdrawals in a manner other than by check payable to a named payee;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In determining an appropriate sanction, we have considered the matters submitted by respondent in mitigation, including his statement that he has sought counseling to address certain issues that contributed to the misconduct and that some of the acts of misconduct were inadvertent or attributable to his good faith mistaken belief regarding his obligations under the rules governing attorney trust accounts. We have considered in aggravation of the misconduct, however, that the record reflects that respondent engaged in a relatively extended course of conduct in knowing violation of various ethical standards applicable to all attorneys, by engaging in sexual relations with a client in a domestic relations matter, disregarding his court-ordered child support obligations, and using his attorney trust account as his personal bank account. We further note in relation to charge two that the court orders and decisions that held respondent in contempt of court or wilful violation of his child support obligations indicate that he engaged in a lengthy and calculated effort to frustrate the enforcement of valid court orders, which "evinces a shocking disregard for the judicial system" (Matter of Pomerantz, 158 AD3d 26, 28 [1st Dept 2018]). Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of the Court.